**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 3 2016

JAMES W. McCORMACK, CLERK
By: _____
                                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

3:16-cv-00323 JM/BD

| | | |
|---|---|---|
| JACQUELINE BALTI, | ) | |
| | ) | |
| PLAINTIFF | ) | No. CV- |
| | ) | |
| VS. | ) | COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| CACH, LLC, | ) | |
| SQUARE TWO FINANCIAL | ) | |
| COMMERCIAL FUNDING CORP., | ) | |
| TAYLOR LAW, PLLC, | ) | |
| ANGELICA MARTINEZ, and | ) | |
| MELISSA MARQUEZ | ) | |
| | ) | This case assigned to District Judge MOODY |
| DEFENDANTS | ) | and to Magistrate Judge DEERE |

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), pursuant to 28 U.S.C. §1367 for pendent state law claims, and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2. This action arises from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), as well as other state law tort claims.

3. Venue is proper in this District, because the acts and transactions occurred in this district in Arkansas.

4. Plaintiff, Jacqueline Balti, hereinafter "Plaintiff" is a natural person who resides in West Memphis, County of Crittenden, State of Arkansas and is a "Consumer" as that term is defined is 15 U.S.C. §1692(a)(3).

1

5. Defendant, CACH, LLC, hereinafter CACH is a Colorado Limited Liability Company. CACH is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

6. Defendant, Square Two Financial Commercial Funding Corporation, hereinafter referred to as SQUARE TWO, was formerly known as Collect America, Ltd., is a Delaware Corporation. SQUARE TWO is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

7. Defendant Taylor Law, PLLC, hereinafter referred to as TAYLOR LAW, is a Kentucky Limited Liability Company. TAYLOR LAW is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

8. Defendant Angelica Martinez, hereinafter referred to as "Defendant MARTINEZ", is a natural person who is an employee and/or agent of SQUARE TWO, and is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. Defendant Melissa Marquez, hereinafter referred to as "Defendant MARQUEZ" is a natural person who is an employee and/or agent of SQUARE TWO, and is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. SQUARE TWO states in its publically filed Annual Report Form 10K to the US Securities and Exchange Commission for the fiscal year ending December 31, 2015, that it "is a leading purchaser of charged-off consumer and commercial receivables in the accounts receivable management industry." SQUARE TWO further explains that its "primary business is the acquisition, management and collection of charged-off commercial accounts receivables. We purchase from financial institutions, finance and leasing companies and other issuers in the United States and Canada." Charged off account receivables which we refer to as 'charged off receivables' or 'accounts' are defaulted account receivables that credit issuers have charged off as bad debt but that remains subject to collection."

11. SQUARE TWO also states in its 10K "We operate our domestic charge-off receivables management business through a series of subsidiary entities, including CACH, LLC ... charged off consumer receivables acquired by certain of the aforementioned subsidiaries are placed for collections within our Closed Loop Network."

12. Plaintiff is informed and believes and thereon alleges that CACH is a 100% totally owned subsidiary of SQUARE TWO. Plaintiff furthers alleges upon information and belief that Defendants are engaged in the fraudulent transfer of CACH's assets in order to avoid liability in this action.

13. CACH has no employees currently. Additionally, it had no employees on June 3, 2014 and November 18, 2013.

14. All actions performed on behalf of CACH are performed by employees at SQUARE TWO.

15. SQUARE TWO hired and directed TAYLOR LAW to pursue collection of a charged-off receivable in the name of CACH that was owed allegedly by Plaintiff.

16. SQUARE TWO's Form 10K confirms that it is responsible for hiring its attorneys performing collection services on behalf of CACH where it states: "once an account is designated for suit in the US, we place it with a branch office within the Closed Loop Network, which has the capability of bring suit in the location of the customer. We pay our branch offices for their collection efforts based on their performance subject to compliance with our numerous operating and regulatory standards. ... Our legal collection efforts over time have led to the development of a significant number of awarded judgments on our accounts owned, which we believe will help generate future cash flows."

17. SQUARE TWO refers to its attorneys including TAYLOR LAW among its Network of Regional Law Offices also referred to as "Branch Offices", exclusively dedicated to SQUARE TWO.

18. The manager of CACH is P. Scott Lowery, who is also the Founder and Senior Advisor to the President/CEO of SQUARE TWO.

19. Plaintiff is informed and therefore believes and alleges that the Defendant CACH and SQUARE TWO possess such a unity of interest that it would be unjust to prevent Plaintiff's Recovery against SQUARE TWO for the unlawful actions of CACH as detailed herein.

20. Plaintiff is a natural person who is obligated or allegedly obligated to pay a debt and is a consumer as that term is defined by 15 U.S.C. §1692(a)(3).

21. The acts and omissions of Defendants Taylor Law, Angelica Martinez and Melissa Marquez were committed within the time and space limits of their agency relationship with the principal SQUARE TWO. These Defendants were employed as agents by SQUARE TWO and communicated with Plaintiff as further described herein.

22. The acts and omissions by Defendants Taylor Law, Angelica Martinez and Melissa Marquez were incidental to or the same general nature as the responsibilities. These agents were authorized to perform by SQUARE TWO in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendants Taylor Law, Martinez and Marquez were motivated to benefit their principal SQUARE TWO.

24. SQUARE TWO is therefore liable to Plaintiff through the doctrine of *Respondeat Superior* for the intentional and negligent acts, errors and omissions done in violation of federal and state laws.

25. CACH has alleged through its Complaint filed in the District Court of Crittenden County, Arkansas, filed on June 16, 2014 that Plaintiff received and used a credit card issued by GE Money Retail Bank and became obligated to pay for the charges issued with the card. The charges on this credit card are a monetary obligation arising out of the transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore "a debt" as that term is defined by 15 U.S.C. §1692(a)(5).

26. CACH further alleges in its Complaint that this account was purchased from GE Money Retail Bank for good and valuable consideration after Plaintiff allegedly defaulted upon this account.

27. MARTINEZ as a purported authorized agent and custodian of record of CACH signed a sworn "Affidavit of Claim" in support of this suit. She made held personally liable as a debt collector as she is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

28. MARQUEZ as a purported employee of CACH signed a sworn "Certificate of Assignment" and "Business Records Affidavit" in support of this same lawsuit. She may be held personally liable as a debt collector as she is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another. In each of these supporting documents attested to the Complaint by MARQUEZ and MARTINEZ, each asserted that the debt was acquired by CACH from GE Money Retail Bank. A copy of the Complaint and the supporting affidavits referenced herein are attached hereto as Exhibit "A".

29. After pursuing discovery in this matter, Plaintiff filed her Motion for Summary Judgment along with her Brief in Support alleging that primarily the Complaint has no basis in law or fact as GE Money Retail Bank is an entity that does not exist. A copy of the Motion is attached hereto as Exhibit "B".

30. This information may be confirmed online with the FDIC and its Bank Find search feature. A copy of those results may be found by following this link: https://research.fdic.gov/bankfind/results.html?name=ge+money+retail+bank&fdic=&a ddress=&city=&state=&zip=

31. CACH moved and an order was granted of dismissal pursuant to Arkansas Rule of Civil Procedure, Rule 41(a). A copy of the Order of Dismissal is attached hereto as Exhibit "C".

32. Upon information and belief, the subject account was assigned thereafter by CACH to TAYLOR LAW for collection. TAYLOR LAW began collection of this account by sending a letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined is 15 U.S.C. §1692(a)(2). A redacted copy of this letter is attached hereto as Exhibit "D".

33. Exhibit "D" continues to indicate that the original creditor on the account is the phony GE Money Retail Bank despite CACH being made aware of the issue in the previous litigation by Plaintiff through her motion for summary judgment.

34. Plaintiff sent a validation letter to TAYLOR LAW and received the redacted response attached hereto as Exhibit "E". TAYLOR LAW and CACH continue to maintain that this account was opened with the phony GE Money Retail Bank.

35. After mailing to Plaintiff Exhibit "E", TAYLOR LAW proceeded with attempting to collect on this debt by repeatedly and willfully contacting Plaintiff on her cellular telephone, which is a "Communication" which is an attempt to collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). TAYLOR LAW telephone Plaintiff's cellular phone on numerous occasions and left messages on her voice mail.

36. CACH reports this account upon Plaintiff's Credit Report since April of 2013. It reports that the original creditor on this trade-line is the phony GE Money Retail Bank.

37. Plaintiff has disputed this debt with at least one of the three major credit reporting agencies.

38. CACH refused to change the reporting of this debt following Plaintiff's dispute of the account.

39. CACH, MARTINEZ, and MARQUEZ maliciously prosecuted the district court proceeding based upon the misrepresentations of the debt causing Plaintiff to incur damages. All three Defendants caused the civil proceedings to be initiated against Plaintiff. These proceedings were terminated in Plaintiff's favor. Defendants did not have probable cause for initiating the proceedings considering that each were executed verifying that CACH received the debt for good and valuable consideration from a phony entity. Defendants acted from hatred, ill will, or a spirit of revenge. Defendants' actions were a proximate cause of Plaintiff's damages.

40. CACH continuing to collect upon the debt through TAYLOR LAW using the same phony information constitutes an abuse of process.

41. Plaintiff has suffered actual damages in the form of attorney's fees and costs, lost wages from missing work to attend hearings and conference with her attorney, emotional distress, anger, worry, frustration, fear, and depression, among other negative emotions.

42. CACH and TAYLOR LAW committed a violation of the FDCPA when it sent Exhibit D to Plaintiff on November 3, 2015, as it is a "communication" as defined by 15 U.S.C. §1692a(2), that contains false or misleading representations of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2), (10), and (12), and §1692f.

43. CACH and TAYLOR LAW committed a violation of the FDCPA when it sent Exhibit E to Plaintiff on November 16, 2015, as it is a "communication" as defined by 15 U.S.C. §1692a(2), that contains false or misleading representations of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2), (10), and (12), and §1692f.

44. CACH and TAYLOR LAW committed a violation of the FDCPA each and every time that it telephoned Plaintiff in collection of this debt as it is a "communication" as defined by 15 U.S.C. §1692a(2), that contains false or misleading representations of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2), (10), and (12), and §1692f.

45. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1000 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

46. CACH violated 15 U.S.C. §1681b(f) by willfully and/or recklessly attaching, publishing, and using Plaintiff's credit profile without a permissible purpose or authorization under the FCRA.

47. CACH violated 15 U.S.C. §1681n by negligently attaching, publishing, and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

48. CACH violated 15 U.S.C. §1681O by willfully and/or recklessly attaching, publishing, and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

49. As a result of the above violations of the FCRA, CACH is liable to Plaintiff in the sum of Plaintiff's actual damages resulting from her lower credit score in the form of higher interest rates, lost opportunities to obtain credit, and from costs incurred in pursing the dispute process, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

50. TAYLOR LAW as an agent for CACH made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA 47 U.S.C. §227(b)(1)(A)(iii), and 47 C.F.R. 64.1200(a)(1)(iii).

51. The acts and or omissions of TAYLOR LAW and CACH at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

52. As a causally direct and legally proximate result of the above violations of the TCPA and the CFR, TAYLOR LAW and CACH caused Plaintiff to sustain damages.

53. TAYLOR LAW and CACH made calls willfully either knowing the fraudulent nature of this debt or reasonably able to determine the fraudulent nature of this debt.

54. Plaintiff is entitled to statutory damages under TCPA of $500 per telephone call made to Plaintiff.

55. TAYLOR LAW and CACH willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1500 per telephone call made to Plaintiff pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter its order:

1. Of judgment against each Defendant named herein;

2. Award Plaintiff her actual damages incurred for costs, attorney's fees in the parties previous litigation, and emotional distress as stated herein;

3. Award Plaintiff statutory damages for violation of FDCPA and FCRA against each Defendant;

4. Award Plaintiff her costs of litigation and reasonable attorney's fees incurred for bringing this cause of action;

5. For any and all other relief to which Plaintiff may be entitled.


Respectfully submitted,
JACQUELINE BALTI, Plaintiff


By: _____
SARA ROGERS (#03175)
P.O. Box 5545
West Memphis, AR 72303
(870) 732-8787