IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JACQUELINE BALTI                                         PLAINTIFF

V.                  CASE NO. 3:16-CV-00323-JM

TAYLOR LAW, PLLC, and
MELISSA MARQUEZ                                      DEFENDANTS

ORDER

Pending is Plaintiff's motion for summary judgment against Taylor Law PLLC ("Taylor") (Doc. No. 19). The time for response has passed, and Taylor did not file a response to the motion. For the reasons stated below, that motion is DENIED.

Summary Judgment Standard

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set

> forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988)) (citations omitted). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Analysis

Plaintiff alleges that Taylor violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), specifically the following three provisions:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> **(2)** The false representation of--
>   **(A)** the character, amount, or legal status of any debt
> . . .
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> . . .
> **(12)** The false representation or implication that accounts have been turned over to innocent purchasers for value

15 U.S.C.A. § 1692e(2), (10), and (12). (West).

Assuming without deciding that Plaintiff has established that she is a consumer as defined by the FDCPA, that the debt arose out of transactions that are primarily for household purposes, and that Taylor is a debt collector as defined by the FDCPA, Plaintiff must still prove that there is no genuine dispute of material fact that Taylor violated the provisions of §1692e. In support of her claim that Taylor violated § 1692e(2), making a misleading misrepresentation of the amount of a debt owed, Plaintiff relies on an increase in the amount of debt she allegedly

owed. In a lawsuit filed in state court by CACH, LLC ("CACH"), that debt collector made a sworn statement that the amount of the debt owed to it as assignee of the original creditor was $1,812.18. That lawsuit was dismissed without prejudice on CACH's motion. After that lawsuit was dismissed, Taylor sent Plaintiff a letter that it was collecting on the same debt on behalf of CACH but for the amount of $1,955.18. Plaintiff relies on the differences in these amounts sought as proof that a violation of the FDCPA occurred. The certificate of assignment attached as an exhibit to the state court complaint was dated November 18, 2013, and gave a current balance due of "$1,812.18 plus any accrued interest." The correspondence from Taylor after the lawsuit was dismissed was dated November 3, 2015 and gave the current balance as $1,955.18. There is no indication that any interest chargeable under the terms of the underlying credit agreement would have stopped accruing, and Plaintiff has not proven that the challenged correspondence was materially false or misleading. The bare fact that the amount sought by CACH in the state court action is different than the amount sought by Taylor on CACH's behalf in subsequent correspondence does not prove that Taylor committed a violation of §1692e(2).

In support of her claim that Taylor violated § 1692e(10) and (12) by making false representations to collect the debt, Plaintiff asserts that Taylor attempted to collect upon the debt "without a clear chain of title." Plaintiff claims that the original creditor, GE Money Retail Bank, has never existed. She bases this argument on her assertion that an internet search upon the FDIC website shows that it does not insure the deposits of GE Money Retail Bank and her unsupported assertion that the Office of the Comptroller of the Currency has never issued a charter to GE Money Retail Bank. Plaintiff has not offered any admissible evidence proving that GE Money Retail Bank was a "phony entity" as alleged, and her assertions on this claim are insufficient to prove that Taylor violated the FDCPA.

3

In the absence of proof that Taylor violated the FDCPA, Plaintiff's motion for summary judgment is denied.

## Motion to Withdraw

Also pending is the motion of David Donovan and the law firm of Watts, Donovan & Tilley, P.A. requesting to be relieved as counsel for Taylor. (Document No. 21). That motion is GRANTED. However, Taylor may not appear in federal court without legal representation. *See United States v. Van Stelton,* 988 F.2d 70 (8th Cir. 1993) (per curiam). "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-202, 113 S.Ct. 716, 721 (U.S. 1993) (citations omitted). Therefore, while the case may proceed against Taylor, it will not be able to participate in the proceedings and defend itself unless new counsel enters an appearance on its behalf.

## Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment against Taylor (Doc. No. 19) is DENIED. The motion of David Donovan and the law firm of Watts, Donovan & Tilley, P.A. requesting to be relieved as counsel for Taylor (Document No. 21) is GRANTED. The Clerk is directed to change the address of Defendant in this case to Taylor Law, PLLC c/o Gregory Taylor and Michael V. Brodarick, P.O. Box 12200, Louisville, KY 40223 and to mail a copy of this order to this address.

IT IS SO ORDERED this 29th day of March, 2018.

_____
James M. Moody Jr.
United States District Judge